

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 1, 1939

Mr. E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

> Opinion No. O-707
> Re: Question of county commissioner
> violating a Penal statute of the
> State of Texas when he uses county
> machinery for terracing farms
> without first getting approval of
> Commissioners' Court.

Your request for an opinion on the following question:

> "Does a county commissioner violate a
> statute when he uses county machinery for
> terracing farms without first getting the
> approval of the Commissioners' Court? May
> he do special contract work with road ma-
> chinery without the consent of the court?
> May he use a county car in going to and
> from court meetings?"

has been received by this office.

Section 3 of Article 2372c of Vernon's Civil
Statutes of the State of Texas, Ann., reads as follows:

> "The counties of the state are hereby
> declared to have the authority to employ,
> or permit to be employed, any road construc-
> tion or other machinery or road equipment in
> the service of soil conservation and preven-
> tion of soil waste through erosion, whenever

Mr. E. L. Shelton, May 1, 1939, Page 2

in the judgment of the county commissioners'
court, entered upon the minutes of the court,
such machinery or equipment is not demanded
for the service of building and the up-keep
of the roads of the county; and shall provide
for compensation to the county road fund, or
the road fund of any defined district or
authorized subdivision in the county, for
such employment of road equipment."

Section 4 of the same article reads as follows:

"In the public service of conserving
the soil fertility of the land of the county,
the commissioners' court shall have the
authority to cooperate with the landowners
and taxpayers of the county in all judicious
efforts for the preservation of the productive-
ness of the soil from avoidable waste, and loss
of productiveness of agricultural crops necess-
ary to the public welfare, through permission
to use the machinery and equipment that may be
made available by the county for such purposes
under written contract, and the county shall
receive from such landowners and taxpayers
compensation, upon such uniform basis as may be
deemed equitable, and proper, for the coopera-
tion extended and services rendered, all such
compensation or funds to the county to be paid
into the Road and Bridge Fund of the county;
and the county commissioners' court may provide
for payments from landowners and taxpayers of
the county at such stated intervals and in
such amounts, as and when the county taxes are
collected, as may be equitable, for the use
of the equipment for the protection of lands
against continuing immeasureable injury through
soil erosion; provided that the commissioners'
court or representative thereof shall not go
upon the land of any owner to improve, terrace,
protect, or ditch such land until requested to



> do so in writing by such owner; and provi ed
> further, that the commissioners' court or
> representative thereof shall not be required
> to do such improving, terracing, protecting
> and ditching unless such court shall deter-
> mine that such work is of some public benefit
> and said court elects to do the work."

Section 3 and Section 4 of Article 2372c, just quoted, clearly sets forth the manner in which, and the circumstances and conditions under which the machinery belonging to a county of this state may be used for the purpose of preserving the productiveness in agricultural products necessary to the public welfare. However, we know of no law, which would make a commissioner who permits the machinery of the county to be used without meeting the requirements as set forth in Sections 3 and 4 of Article 2372c, subject to prosecution for a penal offense.

We know of no authority for a commissioner to make special contract work with the road machinery of the county without the consent of the court. However, it is our opinion, that by so doing the commissioner does not violate any penal statute of this state. Interesting questions involving the interpretation and enforcement of contracts would naturally arise as a result of a commissioner acting without authority in entering into an agreement with an individual or individuals, to use county road machinery in doing work for said individual or individuals, but such questions do not arise in your request for an opinion in this instance.

In view of the provisions of Article 2378f of the Revised Civil Statutes of the state of Texas, it is our opinion that a commissioner does not violate a penal statute of this state in using a pick-up bought and paid for out of county funds in the administration of his business as commissioner and in going to and from court meetings.

Mr. E. L. Shelton, May 1, 1939, Page 4

Article 2372f of Vernon's Revised Civil Statutes of the state of Texas, reads in part as follows:

"The commissioners' court is hereby authorized to allow each commissioner to purchase a pickup truck to be used in each respective precinct on official business and it shall be paid for out of the Road and Bridge Fund of the respective commissioners' precincts, and each commissioner shall make under oath an account of his expenditures for such purpose."

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*

Fred C. Chandler
Assistant

FCC:AW

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS